UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-80027-AMC

DAVID D. GARRIDO,
And other similarly situated individuals,

    Plaintiff (s),
v.

PRO SERVICES GROUP, LLC,
a/k/a POOL PRO,
ADAM EDISON, individually

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANTS PRO SERVICES GROUP, LLC, A/K/A POOL
PRO AND ADAM EDISON**

Plaintiff DAVID D. GARRIDO, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants PRO SERVICES GROUP, LLC, a/k/a POOL PRO, ADAM EDISON, and state as follows:

1. On or about January 11, 2024, Plaintiff brought the above titled action against the Defendants PRO SERVICES GROUP, LLC, a/k/a POOL PRO and ADAM EDISON to recover overtime compensation, liquidated damages, retaliation damages, and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].[1]

---

[1] Plaintiff voluntarily dismissed Defendants TROPICAL POOL HEATING, INC. a/k/a JUPITER POOL REPAIR, STEVEN D. MAIRANO, and MARY JO MAIRANO only.

2. On or about January 23, 2024, Return of Service was executed for Defendants PRO SERVICES GROUP, LLC, a/k/a POOL PRO and ADAM EDISON. Proofs of Service should appear in the Court file [DE 5,6 15 and 16].

3. Accordingly, Defendants answers were due on or before February 13, 2024. However, Defendants have completely failed to respond to the complaint.

4. Up to this date, PRO SERVICES GROUP, LLC, a/k/a POOL PRO and ADAM EDISON have failed to obtain counsel and or respond to the complaint.

5. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

6. The Defendant, PRO SERVICES GROUP, LLC, a/k/a POOL PRO, cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764* F.2d 1381 (11th Cir. *1985).*

7. A Clerk's Default [D.E. 12] was entered on February 21, 2024 against Defendants PRO SERVICES GROUP, LLC, a/k/a POOL PRO and ADAM EDISON.

8. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

9. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established

in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

10. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

11. In addition, Section 6 of the FLSA, 29 U.S.C. § 206(a)(3), states that it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ."

12. In support of the damages alleged in the Complaint, the Plaintiff hereby submits evidence in the form of affidavit [see attached Exhibit "A"].

13. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

14. Defendants failed to pay Plaintiff DAVID D. GARRIDO, at least $3,406.36 during the period of time in which Plaintiff was working for Defendants, which well within the statute of limitations provided for under the FLSA as a matter of law. Plaintiff also seeks to recover lost wages in the amount of $5,000.00 and liquidated damages in the amount of $8,406.36. Additionally, Plaintiff seeks to recover, attorney fees ($7,050.00) and costs ($730.00). Therefore, Plaintiff claims a total amount of $24,592.72 as judgment against Defendants.

15. Plaintiff claims judgment by default for failure of Defendants PRO SERVICES GROUP, LLC, a/k/a POOL PRO and ADAM EDISON to file or serve any papers in the action or otherwise plead.

## MEMORANDUM OF LAW

**I. Default Judgment Under Fed. R. Civ. P. 55(b)**

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014)(citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F.

2d 854, 857  (5th Cir.1979) [1] and citing SEC v. Smyth, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F. 3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." Massachusetts Mut. Life Ins. Co. v. Hunter, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

### Statutory Basis for FLSA Claims

The provision of the FLSA applicable to this case include section(s) 29 U.S.C. §§ 201-215.  Under the FLSA, Plaintiff is entitled to be paid for each hour that Plaintiff worked for Defendants at the correct rate of pay. The underlying complaint alleges that Defendants willfully and/or knowingly violated the FLSA with respect to Plaintiff by failing to pay overtime wages and minimum wages properly under the law (Count I & II).  Additionally, Plaintiff claims that Defendants retaliated against him due to his request to be paid fairly in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged (Count III).

Plaintiff David Garrido, worked for Defendant from January 15, 2023 to June 9, 2023, and is owed $2,674.86 in overtime; plus $731.50 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff); plus $5,000.00 in lost wages and $8,406.36 in liquidated damages.

## **Damages Under The FLSA**

The FLSA provides for the recovery of unpaid wages, back pay and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b). In this case, Plaintiff is owed wages for the time he worked for Defendants but was not paid by Defendants in violation of the FLSA, as codified by 29 U.S.C. § 206-207.

Additionally, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiff by Defendants. *See* 29 U.S.C. § 216(b). (permitting a court to assess liquidated damages against an employer in an amount equal to "the amount of . . . unpaid minimum wages, or ... unpaid overtime compensation").

## **Attorney's Fees and Costs**

The FLSA provides that the Plaintiffs are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 18 hours pursuing Plaintiff's claim against Defendants. [*See* Zandro Palma's Affidavit at ¶ 12; Exhibit B]. Plaintiff is requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $7,050.00 in attorney's fees).

Plaintiff's counsel, who has over 17 years of experience litigating employment related matters, charges an hourly rate of $400.00. This rate has been approved by this Honorable Court, as well as Courts in the Middle and Northern Districts of Florida. ("Plaintiff's counsel,

Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiff's counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

The law firm of Zandro E. Palma, P.A. has also expended $730.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 16; Exhibit B). As such, the attorney fees and costs for prosecution of Plaintiff's claims against Defendants amounts to $7,780.00 ($7,050.00 + $730.00).

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against PRO SERVICES GROUP, LLC, a/k/a POOL PRO and ADAM EDISON with respect to the FLSA claims in the amount of $16,812.72 for Plaintiff; and $7,780.00 in attorney's fees and costs; as well as post- judgment interest, and for such other relief as this Court deems just and proper.

Dated: May 16, 2024.

Respectfully submitted,  
ZANDRO E. PALMA, ESQ.  
Florida Bar No.: 0024031  
zep@thepalmalawgroup.com  
ZANDRO E. PALMA, P.A.  
9100 South Dadeland Boulevard  
Suite 1500  
Miami, Florida 33156  
Telephone: (305) 446-1500  
Facsimile:  (305) 446-1502  
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Zandro E. Palma  
Zandro E. Palma, Esq.  
Florida Bar No.: 0024031  
zep@thepalmalawgroup.com  
*Attorney for Plaintiff*

**SERVICE LIST**
**CASE NO: 9:24-cv-80027**

PRO SERVICES GROUP, LLC, a/k/a POOL PRO,
Through Its Registered Agent
ADAM EDISON
509 COMMERCE WAY WEST,
JUPITER, FL 33458

ADAM EDISON
509 COMMERCE WAY WEST,
JUPITER, FL 33458

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:24-cv-80027-AMC

DAVID D. GARRIDO,
And other similarly situated individuals,

    Plaintiff (s),

v.

PRO SERVICES GROUP, LLC,
a/k/a POOL PRO,
ADAM EDISON, individually

    Defendants.
_____/

## **DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon the separately entered Order Granting Plaintiff's Motion for Default Judgment [DE _____ ]. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff DAVID D. GARRIDO, against Defendants PRO SERVICES GROUP, LLC, a/k/a POOL PRO, and ADAM EDISON.

2. Plaintiff DAVID D. GARRIDO shall recover from Defendants $16,812.72, consisting of $8,406.36 in unliquidated damages and $8,406.36 in liquidated damages.

3. This Judgment shall bear interest at the rate of 0.13% interest per annum from today, for which let execution issue.

4. All other pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

    DONE AND ORDERED in Chambers at Fort Pierce, Florida, this ___day of_____, 2024.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record